ORDERED in the Southern District of Florida on _____03-04-14_____.



Raymond B. Ray, Judge
United States Bankruptcy Court

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov
Broward Division

In re:

JINANE M BAHLAWAN,                    Case No. 13-27651-BKC-RBR

Debtor.                               Chapter 13
_____/

**ORDER SUSTAINING OBJECTION TO CONFIRMATION [D.E. 37]**
**AND DENYING CONFIRMATION OF THE THIRD AMENDED PLAN [D.E. 35]**

THIS MATTER came before the Court for a hearing on January 30, 2014, upon the Amended Objection to Confirmation [D.E. 37] (the "Objection") filed by Silvergate Bank ("Silvergate") to the Debtor's Third Amended Plan [D.E. 35] (the "Plan"). Silvergate holds the first mortgage on the Debtor's residence. The Debtor is attempting to modify the Silvergate mortgage through this Court's Loss Mitigation Mediation Program (the "LMM Program"). On October 18, 2013, the Court entered an Order of Referral to the LMM Program. [D.E. 24].

This Court has adopted the LMM Program Procedures (the "LMM Procedures"). Section XI of the LMM Procedures provides, in relevant part, all chapter 13 plans seeking a loan modification through the LMM Program must include the following language:

> While the LMM is pending and until the trial/interim payment plan or the permanent mortgage modification/permanent payment is established by the parties, the Debtor has included a post-petition plan payment, *absent Court order to the contrary, of no less than 31% of the Debtor's gross monthly income as a good faith adequate protection payment to the Lender.*

(emphasis added). The Court will refer to this as the "31% Requirement".

In this case, the Debtor's Plan includes the mandatory language but fails to comply with the 31% Requirement. The Debtor's gross monthly income as reflected on Schedule I is $6,990.91. In order to meet the 31% Requirement, the Debtor would have to make payments in the amount of $2,167.18. The Debtor's plan provides for LMM payments beginning in month 3 in the amount of $1,255.90, which is approximately 18% of Debtor's gross income. The payment steps to $1,873.63 in months 4 through 59, which is approximately 27% of Debtor's gross income. The issue before the Court is whether a debtor is in compliance with the Court's LMM Procedures if the payments in the first month of the plan are less than 31% of the debtor's gross income. While Silvergate objects to the Plan's LMM payment amount being less than 31% of the Debtor's gross income, the Debtor argues that the 31% Requirement is subject to change based on the circumstances of the Debtor, which must be weighed on a case-by-case basis.

This Court agrees with Judge Mark's analysis and holding in *In re Angela Roxana Garcia*, 13-26632-RAM [D.E. 41] (Bankr. S.D. Fla. January 6, 2013). "[T]he LMM Procedures are unambiguous and require debtors to pay 31% of their gross monthly income starting on month one of the plan." *Id.* Despite the fact that the 31% Requirement arguably contains an exception ("absent Court order to the contrary"), this Court will not interpret the 31% Requirement exception so broadly that the exception swallows the rule. The exception provides a narrow limitation on the general 31% Requirement, and it should only be invoked in exceptionally limited circumstances. In fact, the Court could order something contrary for many

of the LMM Procedures, but that does not mean that the Court would not apply the rules set forth in those procedures as written in most, if not all, other cases.

The Court finds that the specific facts in the instant case do not warrant applying the limited exception to the 31% Requirement. The Debtor states that the proposed payment is her best effort, and she cannot make a payment of 31% at the beginning of the Plan. However, that is what is required for the Debtor to avail herself of the LMM Program. Moreover, Schedule J reflects that the Debtor has designated $525 for children's activities, which could be reallocated to reach the mandatory 31%, along with other budgetary changes. The LMM process is available to debtors who participate in good faith. Keeping one's home may require some debtors to make certain lifestyle changes and reduce discretionary expenditures. Finally, the Debtor's Plan payments are delayed until month 3 while the Debtor's attorney's fees are paid in month one. The LMM Procedures do not permit the delay of payments, even to pay the administrative claims for attorney's fees. The Debtor has the ability and must make payments of 31% of her gross monthly income starting in month one of the Plan in order participate in the LMM Program.

The 31% Requirement was included in the LMM Procedures for a reason and liberally construing the exception to the 31% Requirement could be detrimental to the effectiveness of the LMM Program. Providing 31% of a debtor's monthly income is the smallest monthly payment that the debtor is likely to achieve in a mediation process. *Id.* at 4. This essentially constitutes a trial run for secured creditors to determine if the debtor is able to make payments under a potential loan modification. *Id.* If lenders fear that they will not receive the standard 31% during the mediation process, then it is likely that more lenders would object to the initial referral to the LMM Program. This will cause more strain on the lenders and debtors that are following the LMM Procedures and trying to reach a mutually agreeable modification. It would add one more

contested hurdle to the parties attempting to mediate in the LMM Program, whereas currently many lenders are agreeing to the referral to the LMM Program. There is no reason to potentially undermine the effectiveness of this successful program by upsetting the balance struck in the compromise that was agreed to by constituents for the debtors, creditors, trustees, and Judges in drafting the LMM Procedures. This Court will follow the unambiguous LMM Procedures as written and require debtors to pay 31% of their gross monthly income starting in month one of their plans.

Accordingly, it is

**ORDERED** as follows:

1. Silvergate's Amended Objection [D.E. 37] to Debtor's Third Amended Plan [D.E. 35] is **SUSTAINED**.
2. The Debtor has fourteen (14) days from the entry of this Order to file a Fourth Amended Plan providing for 31% payments starting in the first month of the plan. Failure to file an amended plan that complies with the terms of this Order shall result in dismissal of the case without further notice or a hearing.
3. The Debtor has fourteen (14) days from the entry of this Order to bring the LMM payments current. Failure to bring the payments current by the deadline shall result in the dismissal of the case without further notice or a hearing.

###

*The Clerk's Office shall provide a copy of this Order to all parties of record.*